IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BUWLUS A. MUHAMMAD,  :
      Plaintiff,  :  Civil No. 04-131 Erie
   v.  :
        :
ERIE COUNTY DISTRICT ATTORNEY BRAD  :
FOULK,, et al.,  :
      Defendants.  :

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR PRELIMINARY PROHIBITORY INJUNCTIVE RESTRAINING ORDER AND PRELIMINARY RESTRAINING ORDER FILED ON BEHALF OF DEFENDANTS BRADLEY FOULK AND ROBERT SAMBROAK

AND NOW comes defendants Bradley F. Foulk, Erie County District Attorney, and Robert Sambroak, First Assistant District Attorney, by and through their counsel, Matthew J. McLaughlin, Esquire, and files this brief in opposition to plaintiff's motions for preliminary prohibitory injunctive restraining order and preliminary restraining order, stating in support thereof the following:

I.   **Factual Background**:

Plaintiff, Buwlus A. Mohammad, filed a complaint against Erie County District Attorney, Bradley Foulk, First Assistant District Attorney, Robert Sambroak, City of Erie Chief of Police, Charles Bowers, Jr., Erie County Detectives Office, et al. Plaintiff failed to identify the individuals or entities referred to by "et al.". He also failed to effect proper service upon the defendants and subsequently filed a motion for default judgement. On August 18, 2004, the Honorable Sean J. McLaughlin denied plaintiff's motion for default judgement and defendants agreed to accept service.

All defendants filed motions to dismiss plaintiff's complaint pursuant to Fed. R.C.P. 12(b)(6). On September 23, 2004, plaintiff filed a motion to amend his complaint, which was denied by Order dated September 29, 2004, because of plaintiff's failure to attach the proposed amended pleading to his motion. On November 16, 2004, plaintiff filed another motion to amend complaint, which was granted on December 1, 2004 and defendants Bowers and Erie County Detectives Office, were dismissed from the case. It is believed and therefore averred that plaintiff filed his amended complaint against defendants Foulk and Sambroak on or about December 1, 2004.

A motion to dismiss the amended complaint pursuant to Fed. R.C.P. 12(b)(6) was filed on behalf of defendants Foulk and Sambroak on February 9, 2005. Defendants' motion to dismiss pursuant to Fed. R.C.P. 12(b)(6) was denied by Order dated April 22, 2005. Subsequently, an answer to plaintiff's amended complaint was filed on behalf of defendants Foulk and Sambroak on May 23, 2005, denying all of the material allegations contained in the complaint.

In his amended complaint, plaintiff alleges that criminal charges were filed against him for burglary and tampering with evidence and that he was incarcerated because of providing testimony for a defendant during a hearing before District Justice Paul Urbaniak. (¶ 5, 6, 7, amended complaint) Plaintiff further alleges that his criminal charges were bound over for prosecution by District Justice Urbaniak on December 5, 2001, and that defendants Foulk and Sambroak subsequently dismissed all charges against plaintiff. (¶ 9, 10)

A reading of the complaint would indicate that plaintiff is alleging some type of conspiracy to prosecute him as a retaliation for the testimony he provided for a criminal defendant at the hearing before District Justice Urbaniak in 2001. In the amended complaint, plaintiff also seeks injunctive relief from all future criminal prosecutions and it appears that he is requesting, in the alternative, that any future criminal prosecutions of the plaintiff be handled by

the State Attorney Generals Office.

Subsequently, plaintiff filed a pleading styled "Motion for Preliminary Prohibitory Injunctive Restraining Order" on August 25, 2005, and a second pleading styled "Motion for Preliminary Restraining Order" on September 12, 2005, requesting that all post extrial (sic) and post conviction collateral relief petitions relative to a recent criminal conviction of plaintiff in the Erie County Court of Common Pleas, be removed from the Erie County Court of Common Pleas, the Honorable Shad Connelly and that defendants Foulk and Sambroak not be involved in this process. Plaintiff is requesting that all PCRA issues be reviewed by this Court.

This brief is filed in opposition to plaintiff's motions.

II. **Argument:**

**PLAINTIFF'S MOTIONS MUST BE DISMISSED BECAUSE HE HAS NOT EXHAUSTED HIS REMEDIES IN STATE COURT RELATIVE TO THE RECENT DENIAL OF HIS PCRA PETITION BY JUDGE CONNELLY AND THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PCRA ISSUES PURSUANT TO THE ROOKER-FELDMAN DOCTRINE.**

"District Courts lack subject matters jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction, not appellate jurisdiction on the District Courts." Guarino v. Larsen, 11 F.3d 1151, 1156 (3d. Cir. 1993) "Once litigants' claims have been adjudicated in the state court system, they should not also have access to the entire federal court system" Id. Under the Rooker-Feldman doctrine, "a parties recourse for an adverse decision in state court is an appeal to the appropriate state appellate court and ultimately to the Supreme Court under Section 1257, not a separate action in federal court". Parkview Assoc. Partnership v. City of Lebanon, 225 F.3d 321, 323 (3d. Cir. 2000) The Rooker-Feldman doctrine has been described as precluding lower federal court jurisdiction over claims that were actually litigated or "inextricably intertwined" with adjudication by a state court. Id. A federal action is

inextricably intertwined with a state court adjudication and thus barred in federal court under Feldman, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong" Id., quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989).

Plaintiff is requesting in his motions that this court conclude that Judge Connelly's denial of his PCRA petition was in error. Moreover, plaintiff is requesting that this court take over the state court's handling of his PCRA petition. For the reasons stated previously, this court lacks subject matter jurisdiction in this matter and cannot provide plaintiff with the relief requested in his motion. Once the plaintiff exhausts all of his remedies in state court, he may file a habeas petition in federal district court if he believes that any of his Constitutional rights were violated during the prosecution and/or post-conviction phase of the criminal proceedings against him in state court.

WHEREFORE, it is respectfully requested that this Honorable Court deny plaintiff's motion for preliminary prohibitory injunctive restraining order and motion for preliminary restraining order, with prejudice.

Respectfully submitted,

Matthew J. McLaughlin, Esquire
Assistant Solicitor for Erie County
246 West Tenth Street
Erie, PA 16501
(814) 454-1010
attymjmclaughlin@aol.com
Counsel for defendants, Bradley
Foulk and Robert Sambroak

Dated: September 13, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUWLUS A. MUHAMMAD, | : |
|     Plaintiff, | :    Civil No. 04-131 Erie |
|     v. | : |
| | : |
| ERIE COUNTY DISTRICT ATTORNEY BRAD FOULK,, et al., | :    MAGISTRATE JUDGE |
| | : |
|     Defendants. | : |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within brief in opposition to plaintiff's motions for preliminary prohibitory injunctive restraining order and preliminary restraining order filed on behalf of defendants Bradley Foulk and Robert Sambroak was served on this the 13th day of September, 2005, via United States, First Class mail, postage pre-paid, upon all counsel of record and unrepresented parties, in accordance with the applicable Rules.

By: /s/ Matthew J. McLaughlin
Matthew J. McLaughlin, Esquire
Assistant Solicitor for Erie County
246 West Tenth Street
Erie, PA 16501
(814) 454-1010
attymjmclaughlin@aol.com
Counsel for defendants, Bradley Foulk and Robert Sambroak