IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUWLUS A. MUHAMMAD | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 04-131 Erie |
| | ) | District Judge Cohill |
| D.A. BRAD FOULK, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Plaintiff's "Motion for Preliminary Prohibitory Injunction Restraining Order" [Document # 41] and Plaintiff's "Preliminary Prohibitory Injunction Restraining Order" [Document # 45] be denied.

**II.    REPORT**

Plaintiff, an inmate, brings this civil rights action against Defendants District Attorney Brad Foulk and Assitant District Attorney Robert Sambroak.

Presently pending before this Court are two motions for temporary restraining order.  In the first motion, Plaintiff requests that this Court "order the Erie County Common Pleas Court, Clerk of Court, Criminal Division, and the Honorable Judge Shad Connelly to relinquish and transfer its jurisdiction on the Plaintiff's post conviction collateral relief act petition..." Document # 41, page 2.  In the second motion, Plaintiff requests that this Court issue an injunction against "Erie County Prison, warden Veshecco, Deputy Warden Copeland, Deputy Warden Kanna, and Officer Shan Wilson" and transfer him to another facility.  Document # 45, pages 2, 10.

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).[1] The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

In this case, this federal district Court has no subject matter jurisdiction over Plaintiff's criminal appeal which is currently pending in state court. A petition under the Post Conviction Collateral Relief Act is within the exclusive jurisdiction of the state. As such, Plaintiff's request for injunctive relief [Document # 41] should be denied. Additionally, this Court has no authority over where Plaintiff is incarcerated and no personal jurisdiction over the persons named in the motion as they are not parties to this lawsuit. If Plaintiff wishes to bring suit against these individuals, he may do so by filing a separate action. Accordingly, Plaintiff's

---

[2] If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that a plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). The plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, a plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

request for injunctive relief [Document # 45] should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: October 5, 2005